United States District Court
Southern District of Texas
ENTERED
November 04, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EVERILDA XOL ICHICH DE BARRIENTOS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-09534 |
| | § | |
| RANDY TATE, | § | |
| | § | |
| Respondent. | § | |

**ORDER OF DISMISSAL**

The petitioner, Everilda Xol Ichich de Barrientos, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials. Petitioner has filed this second petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging her ongoing detention, this time after bond was denied because the Immigration Judge ("IJ") found her to be a flight risk. Doc. No. 1 at 6; *see also Ichich de Barrientos v. Tate*, Civ. A. No. H-26-700 (S.D. Tex. Jul. 28, 2026).

The Court may dismiss a habeas petition on the pleadings "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (authorizing preliminary review and summary dismissal of habeas petitions on the pleadings).[1]

[1] A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

As noted above, the petition reflects that Petitioner previously was granted a bond hearing and was found to be a flight risk. *See Ichich de Barrientos*, *supra*, at Doc. Nos. 8, 9 & 10. Her pleadings in the instant case reflect that she disagrees with the Immigration Judge's decision regarding bond. *See* Doc. No. 1.

The Court lacks jurisdiction to review the decision of the IJ regarding the finding that the petitioner is a flight risk. "No court may set aside any action or decision . . . under this section regarding . . . the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e). Courts therefore have no jurisdiction to consider a discretionary decision to deny release on bond. *See Bustamante v. Mukasey*, 286 F. App'x 239, 240 (5th Cir. 2008); *Fuentes v. Lyons*, 808 F. Supp. 3d 733, 737 (S.D. Tex. 2025).

In addition, to the extent that the petitioner also argues that her continued detention violates due process, her claims are foreclosed by *Sosnava Rodriguez v. Vergara*, --- F.4th ----, No. 26-50183, 2026 WL 3181188, at *9 (5th Cir. Oct. 23, 2026) (*en banc*).

Accordingly, the Court **ORDERS** as follows:

1. The petition for a writ of habeas corpus (Doc. No. 1) is **DENIED.**
2. All other pending motions, if any, are **DENIED as MOOT**.
3. This case is **DISMISSED**.

SIGNED this 4th day of November 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE